O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE BALLOU<br><br>            Plaintiff,<br>   v.<br>LOS ANGELES POLICE DEPARTMENT; LOS ANGELES POLICE DEPARTMENT INVESTIGATOR S. STALLWORTH; LOS ANGELES POLICE DEPARTMENT DETECTIVE STIRWALT; LOS ANGELES POLICE DEPARTMENT OFFICER GARY; and DOES 1 through 30, inclusive,<br><br>            Defendants. | Case No. 2:12-cv-06324-ODW(JCGx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [5]** |

    Pending before the Court is Defendants' Motion To Dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) Defendants seek to dismiss three causes of action in Plaintiff Diana Ballou's Complaint. For the following reasons, Defendants' Motion is **DENIED**.[1]

## I.   FACTUAL BACKGROUND

    On May 18, 2011, after being awakened by loud knocks on her front door, Ballou opened her door to find four police officers, who asked if her name was Diane O'Bleness. (Compl. ¶ 20.) Ballou answered yes, but stated "Diane O'Blenes" was

---

[1] Having carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

her maiden name, which she had not used for twenty-eight years. (Compl. ¶ 21.) The officers told Ballou that they had a warrant for her arrest—an arrest for a felony. (Compl. ¶ 22.) Ballou asked the officers of the charges, but they never gave her an answer, only telling her that she was under arrest. (Compl. ¶ 24.) After the officers arrested Ballou, they allowed her to change clothes (while under careful watch) and took her to the Los Angeles County Jail. (Compl. ¶¶ 25, 31.) But the officers never otherwise questioned her, nor checked her driver's license or her physical characteristics to determine whether they had the right person. (Compl. ¶ 27.) And after being booked with $50,000 bail, Ballou spent the entire day and part of the night in jail until her boyfriend bailed her out. (Compl. ¶ 31.)

On June 8, 2011, when Ballou appeared in court for her arraignment, her assigned public defender informed Ballou of the charges against her—Ballou then realized that Defendants arrested the wrong person. (Compl. ¶ 34.) When the public defender told Ballou that someone had picked Ballou out of a photo lineup, Ballou was shocked and surprised. (Compl. ¶ 35.) Ballou learned that the true suspect's name was Diane Mary O'Bleness, whereas Ballou's maiden name was Diane Marie O'Blenes. (Compl. ¶ 36.) Further, the true suspect had a different weight, height, hair color, and eye color than Ballou; and the suspect had an arrest record, whereas Ballou had none. (*Id.*) They also had different social security numbers, addresses, address histories, and cell phone numbers. (*Id.*)

Ballou had to attend court four times to prove that Defendants arrested the wrong person. (Compl. ¶ 37.) It was only when the victim's daughter, Jocelyn Lew, informed the court that she picked out the wrong person from the black-and-white-photo lineup, that the court finally dismissed the criminal charges against Ballou. (Compl. ¶¶ 38, 39.) The judge issued Ballou a Judicial Clearance Form and instructed her to carry it until the police arrest real Diane O'Bleness. (Compl. ¶¶ 39.) Further, Ballou alleges that the detective in her case spoke with the true suspect, Diane Mary O'Bleness, who told the detective that she was in Tennessee.

On May 16, 2012, Ballou filed this action in state court for: (1) deprivation of civil rights under 42 U.S.C. § 1983 for unreasonable search and seizure; (2) deprivation of civil rights under 42 U.S.C. § 1983 for unreasonable arrest and transport; (3) deprivation of her civil rights under 42 U.S.C. § 1983 for use of excessive force; (4) assault; (5) battery; and (6) false imprisonment.  After removing the case to this Court, Defendants now seek to dismiss Ballou's first, second, and sixth claims.

## II.   LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2).  For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement."  *Id.*  Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice.  *Id.*  Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The

determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 566 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe all factual allegations in the complaint as true and in the light most favorable to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

### A. First and second claims under 42 U.S.C. § 1983

Ballou's first and second causes of action allege that Defendants deprived her of her constitutional rights without affording her due process of law, in violation of the Fourth and Fourteenth Amendments of the Constitution, by illegally seizing, searching, arresting and transporting her without proper grounds. Defendants argue that the claims fail to satisfy the pleading standard because Ballou fails to allege "anything wrong with the felony warrant." (Mot. 6.) But contrary to Defendants' assertions, Ballou's Complaint states sufficient facts supporting these two causes of action.

/ / /

1  These two causes of actions can be summarized as a deprivation of Ballou's civil rights during the arrest and after the arrest. Defendants argue qualified immunity, contending that because they had a valid warrant for Ballou's arrest, any oversight is not actionable because the police are not required to conduct a perfect investigation. (Mot. 3, 5.) And though Ballou states insufficient facts to suggest that the arrest warrant itself was not valid, she also contends that she should have not been arrested and detained, even if the warrant was properly issued and valid. (Opp'n 8.) Ballou points out facts that suggest Defendants acted with a reckless disregard for her constitutional rights—namely, that the police had no basis to arrest her when it was plainly obvious that they had mistaken Ballou's identity.

If officers arrest the wrong man under a facially valid warrant issued for someone else, this error violates rights guaranteed by the Fourth Amendment. *Lee v. Gregory*, 363 F.3d 931, 935 (9th Cir. 2004). Ballou's account of the officers' actions during and after her arrest suggests that something was amiss:

- Ballou's maiden name did not exactly match the name on the warrant, i.e., Diane Mary O'Bleness versus Diane Marie O'Blenes (Compl. ¶ 36);
- Ballou had a different weight, height, hair color, and eye color than the true suspect (*Id.*);
- Ballou had no prior arrest record, while the true suspect had one (*Id.*); and
- Ballou had a different social security number, address, address history, and cell phone number than the true suspect. (*Id.*)

Ballou also contends that the police could have performed other simple checks, such as comparing her fingerprints with those of the true suspect. (Opp'n 8.) Instead, Ballou was incarcerated and had to expend substantial efforts to clear her name. (Compl. ¶¶ 38, 39.) Based on this set of facts, Ballou concludes that Defendants acted with a "deliberate indifference" and a "callous disregard" of her rights. *Erdman v. Cochise Cnty.*, 926 F.2d 877, 882 (9th Cir. 1991). The differences between Ballou and the true suspect are significant and obvious—this is not a case of mistaken

identity between brothers. *Compare Baker v. McCollan*, 443 U.S. 137, 140–141 (1979) (plaintiff's brother was arrested for narcotics but masqueraded as the plaintiff, causing the police to mistakenly issue a warrant for plaintiff and to arrest plaintiff under that same warrant), *with Lee v. Gregory*, 363 F.3d 931, 933–94 (9th Cir. 2004) (plaintiff was two inches taller and 70 pounds heavier than the suspect on the warrant).

Defendants assert that they believed they arrested and detained the right person, based on Ballou's name and photo, which was picked out of a photo lineup.[2] (Reply 2.) And though Defendants are correct that the Constitution does not protect all deprivations of liberty, the Defendants' actions in this case, when viewed in total, plausibly give rise to a cause of action under the Fourth and Fourteenth Amendments. *See Lee*, 363 F.3d at 936.

At this stage, the Court finds that Defendants may have acted with a reckless and deliberate disregard of Ballou's rights, and may have arrested and detained her in the face of substantial evidence that they got the wrong person. Thus, Defendants' motion to dismiss the first and second claims is **DENIED**.

**B.     Sixth claim for false imprisonment**

Ballou's sixth claim alleges that Defendants "knew or should have known there were no reasonable grounds to believe that [she] was guilty of a crime" and as a result, Defendants, without proper grounds, "imprisoned [her] against her will or consent." (Compl. 17–18.) In California, the elements of a tortuous claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person; (2) without lawful privilege; and (3) for an appreciable period of time, however brief. *Gant v. Cnty of L.A.*, 765 F. Supp. 2d 1238, 1264 (C.D. Cal. 2011).

Although Defendants contend that they are immune under California Penal Code section 825 and California Civil Code section 43.55, they could be liable for the

---

[2] Defendants request the Court to note that issued warrant listed "Diane Ballou" and "Diane Marie O'Bleness" as aliases for the true suspect. (Request for Judicial Notice, Ex. 1.) At this moment, the Court declines to take judicial notice of this evidence.

6

false imprisonment claim if they continued to detain Ballou even after they knew or should have known that she was not the subject of the warrant. *Gant*, 765 F. Supp. 2d at 1264. An arrest is unlawful if the arresting officer did not "use reasonable prudence and diligence to determine whether the party arrested was actually the one described in the warrant." *Smith v. Madruga*, 193 Cal. App. 2d 543, 546 (1961).

The analysis here is the same as for the first and second causes of action. Ballou presents sufficient facts to suggest that—in light of evidence showing that Defendants have arrested the wrong person—they acted recklessly and wrongfully when they continued to detain her for an appreciable period of time. Accordingly, Defendants' motion to dismiss this claim is **DENIED**.

## IV. CONCLUSION

For the reasons mentioned above, Defendants' Motion is **DENIED**.

**IT IS SO ORDERED.**

September 25, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**